# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| LUCIEN PIERRE | : | DOCKET NO. 05-CV-2243<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES | : | MAGISTRATE JUDGE WILSON |

## ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

It has been determined that an evidentiary hearing is necessary for the adjudication of this *habeas corpus* petition filed by **LUCIEN PIERRE** pursuant to 28 U.S.C. §2241. In accordance with a standing order of this court, this matter has been referred to Magistrate Judge Alonzo Wilson to hold the required evidentiary hearing and make a report and recommendation.

The evidentiary hearing which is scheduled for **Wednesday May 17, 2006** will be a complete hearing of all witnesses and evidence to be presented by all parties on the following issues:

**Whether there is a significant likelihood of removing Petitioner in the reasonably foreseeable future, whether the petitioner has been detained beyond what is reasonably necessary to secure his removal, and/or whether petitioner has taken steps to hamper the removal efforts of the United States Immigration & Customs Enforcement.**

**IT IS ORDERED** that an evidentiary hearing will be held in this action before Magistrate Judge Wilson in Courtroom 3 of the Edwin F. Hunter, Jr. Federal Courthouse, 611 Broad Street, Lake Charles, Louisiana, on **Wednesday May 17, 2006** at 10:00 a.m.

**IT IS FURTHER ORDERED** that the **Federal Public Defender for the Western District of Louisiana is appointed to represent the petitioner, LUCIEN PIERRE**, at the said hearing

pursuant to Rule 8(c) of the Federal Habeas Corpus Rules and 18 U.S.C. §3006A.

**IT IS FURTHER ORDERED** that no later than May 9, 2006 each party shall file a pretrial statement with the Clerk of Court in Shreveport, Louisiana, and send copies to each other, and to Magistrate Judge Wilson[1]. The pretrial statement shall identify the issues of fact and law, the witnesses to be called at the hearing, and the exhibits to be introduced into evidence. Each exhibit listed in the memorandum shall be described sufficiently so that it can be identified as the listed item at the time of the hearing. Copies of all exhibits that are capable of being reproduced by Xerox or similar copying machine shall be provided by each party to his opponent no later than May 2, 2006. If the authenticity of any such exhibit is disputed, a list of the disputed exhibits, and the reason for the dispute, shall be stated as a part of the pretrial memorandum that is due on May 9, 2006.

No exhibit or witness (except those used for impeachment purposes) shall be used at the hearing over objection unless listed in the pretrial memorandums, except for good cause shown. A party may call a witness listed by another party, but a party cannot rely on another party to have a particular witness at the hearing. Rule 45 of the Federal Rules of Civil Procedure must be followed with regard to the subpoenaing of witnesses or documentary evidence to the hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court issue a *writ of habeas corpus ad testificandum* to Warden J. P. Young at the Federal Detention Center in Oakdale, Louisiana, requiring that the petitioner, **LUCIEN PIERRE**, be delivered and produced at the Edwin F. Hunter, Jr. Federal Courthouse, 611 Broad Street, Courtroom 3, Lake Charles, Louisiana on **Wednesday May 17, 2006** prior to the 10:00 a.m. evidentiary hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court send copies of this Order and the

---

[1] Addressed to 611 Broad Street, Suite 209, Lake Charles, Louisiana 70601.

accompanying *Writ of Habeas Corpus Ad Testificandum* to Petitioner, all counsel of record, Warden J. P. Young, and the United States Marshal for the Western District of Louisiana.

**THE UNITED STATES MARSHAL'S SERVICE IS DIRECTED** to arrange for the transportation of the petitioner to this court as soon as practicable, to produce him before the undersigned on **Wednesday May 17, 2006** at 10:00 a.m. and to maintain custody of the petitioner throughout the evidentiary hearing, up to and including the return of the petitioner to his place of detention following the conclusion of the evidentiary hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court of the United States District Court make arrangements for the presence of a court reporter at the evidentiary hearing.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th Day of March, 2006.

COPY SENT
DATE 3/22/06
BY PAM
TO Warden
USM
Whittington
Washington
Pierre
Thompson
FPD

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

3